# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| | § | CRIMINAL NO. 4:99CR31 |
| v. | § | |
| | § | |
| AERRON PHILLIP DOWDY | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on October 14, 2009 to determine whether the Defendant violated his supervised release. The Defendant was represented by Frank Henderson. The Government was represented by Glenn Roque Jackson.

The Court then re-opened the hearing on November 5, 2009 to clarify matters raised at the original hearing. At that hearing, Defendant was again represented by Frank Henderson. The Government was represented by Heather Rattan.

### BACKGROUND

On August 24, 1999, the Defendant was sentenced by the Honorable Richard A. Schell, United States District Judge, to 120 months imprisonment followed by a 5-year term of supervised release for the offense of possession with intent to distribute cocaine. Defendant began his term of supervision on March 7, 2008.

On September 24, 2009, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (Dkt. 30). The petition asserts that Defendant violated the following

1

conditions of supervision: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall not illegally possess a controlled substance; and (3) Defendant shall refrain from any unlawful use of a controlled substance, Defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer.

The petition alleges that Defendant committed the following violations: (1) on January 30, 2009, Defendant was arrested by Denton, Texas, Police Department for Manufacture and Delivery of a Controlled Substance >4g <200g, cocaine, and Defendant was released on a $50,000 bond; (2) September 9, 2009, Defendant was arrested by Denton, Texas, Police Department for Manufacture or Deliver of a Controlled Substance PG 1 (under 1 gram) in a Drug Free Zone, and Defendant was released on a $15,000 bond; (3) Defendant submitted a urine specimen on January 13, 2009 which tested positive for marijuana; and (4) Defendant submitted a urine specimen on August 5, 2009, which tested positive for marijuana.

### EVIDENCE PRESENTED

At the hearing, Defendant entered a plea of not true to the alleged violations. In support of its petition, the Government offered the testimony of Robert Moehnke, U.S. Probation Officer. Moehnke testified that while on supervised release, Defendant submitted two urine specimens that tested positive for marijuana. Moehnke further explained that the presumptively positive tests were confirmed through additional laboratory testing. Moehnke, who conceded that he is not Defendant's supervising probation officer, also testified that the supervising probation officer was notified that Defendant was arrested in Denton on January 30, 2009 and September 9, 2009 – both of which

occurred while he was on supervised release. The charges from those arrests remain pending.

In support of its allegations regarding the January arrest, the Government also called Cody Clark, an officer with the City of Denton Police Department. Clark testified that he stopped Defendant while surveilling suspected drug activity in Denton. Clark then arrested Defendant for a traffic violation, and Defendant was ultimately charged with manufacture and delivery of controlled substance. The drug charges are still pending in Denton County.

The Government also called Jared Stevenson with the City of Denton Police Department to testify about Defendant's September 2009 arrest. Officer Stevenson offered testimony about his investigation into Defendant's suspected drug activities and the search of a vehicle and residence believed to be associated with Defendant. Stevenson testified that materials associated with the manufacture and distribution of crack cocaine, including a scale and baggies, were found inside the house. Stevenson testified that while no drugs were found in the house, cocaine residue was detected.

At the November 5, 2009 hearing, the Government offered the testimony of Sammy Sanchez another officer with the Denton Police Department who was involved in Defendant's September 2009 arrest. Officer Sanchez testified that after conducting drug-related surveillance on a red Toyota Corolla and observing a traffic violation, Denton Police located the red Corolla at a house on 703 Oakland Street in Denton, Texas. The house was located across the street from a park, approximately 500 feet of a library, and approximately 500-600 feet from a public pool, making it within a designated drug-free zone. Defendant was inside the home upon officers' arrival, and the mailbox had Defendant's last name on it. Inside the home, officers found various items associated

with the manufacture and distribution of illegal drugs, including an electric burner, baking soda, razor blades, a scale with drug residue, multiple baggies containing drug residue, cash, and a cell phone with text messages suggesting recent drug transactions. Defendant was charged with manufacture and delivery in a drug-free zone.

Defendant did not offer the testimony of any witnesses, but Defendant's counsel argued that there was insufficient evidence to show that Defendant had manufactured any illegal substances while on pretrial release. Defendant did not, however, argue that he did not reside at the house on 703 Oakland or that the home was not in a drug-free zone. Defendant waived his right to allocute before the district judge or his right to object to the report and recommendation of this Court.

Having heard all of the evidence presented, the Court finds as follows. The Court finds that the evidence presented in support of the Government's allegations as to the January 2009 charge for manufacture and delivery of a controlled substance was insufficient to justify revocation of Defendant's pretrial release. However, the Court finds that there was enough circumstantial evidence to support the September 2009 charge of manufacture of a controlled substance in a drug-free zone. The Court also finds that the evidence regarding Defendant's positive urine samples was sufficient to support a violation of his supervised release.

Therefore, while the Court finds that there is insufficient evidence to support a revocation based on the January charges, the Court finds that Defendant violated the terms of his supervised release by the September arrest and submitting urine samples testing positive for marijuana. In light of the nature of these revocations, the Court further finds that Defendant's supervised release should be revoked.

**RECOMMENDATION**

Having heard the arguments of counsel, the Court recommends that the District Court revoke the Defendant's supervised release. Pursuant to the Sentencing Reform Act of 1984, the Court recommends that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twenty four (24) months, to be served concurrently to any other sentence being served, with thirty six (36) months of supervised release to follow.

The Court further recommends that, upon release from imprisonment, within 72 hours of release from the custody of the Bureau of Prisons, Defendant shall report in person to the probation office in the district to which Defendant is released.

While on supervised release, Defendant shall not commit another federal, state, or local crime, and shall comply with the standard conditions that have been adopted by the Court, and shall comply with the following additional conditions:

Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as Defendant is released from the program by the probation officer.

Defendant shall be required to submit to a drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter, as directed by the probation officer.

**SIGNED this 9th day of November, 2009.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE